IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY E. PATLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>MIKE G. SALINAS, et al.,<br><br>    Defendants. | No. C 11-05788 YGR (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has also filed an application for *in forma pauperis* status. Venue is proper in this district because the acts complained of occurred in Santa Clara County, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons discussed below, the Court DISMISSES Plaintiff's claims as not cognizable under 42 U.S.C. § 1983.

## DISCUSSION

### I. Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

## II. Legal Claims

Plaintiff names private Defendants, including Mike G. Salinas and Valley Recycling. These Defendants cannot be sued under 42 U.S.C. § 1983. Plaintiff does not allege that Defendants were acting under color of state law. Action taken by a private organization may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotations omitted). The Supreme Court has found state action when a challenged activity results from the State's exercise of coercive power, when the State provides significant encouragement for the activity, or when a private actor operates as a willful participant in joint activity with the State. *See id.* The Court finds that Plaintiff alleges no facts suggesting the conduct of Defendants Salinas and Valley Recycling could fairly be treated as conduct of the State itself.

Because Plaintiff's allegations against Defendants involve purely private conduct, they do not meet the standards for cognizable claims under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (a private citizen does not act under color of state law, an essential element of a § 1983 action); *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.3d 547, 559 (9th Cir. 1974), *cert. denied*, 421 U.S. 949 (1975).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants are not cognizable and are DISMISSED with prejudice. The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions (docket nos. 4, 6), and close the file.

This Order terminates Docket nos. 4 and 6.

IT IS SO ORDERED.

DATED: February 2, 2012

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE